## M. RENTLINGER v. D. H. DAVIES'S ADM'R.

**Equity—Laches.**

It is too late after the lapse of many years and after the death of a party with whom business transactions were had, to litigate the question with deceased's personal representative as to certain credits.

**Equity—Decree—Evidence of Business Transactions.**

The chancellor is cautious in making an adjudication by which written evidence of business transactions are materially changed, and will only do so where the evidence is so clear and satisfactory as to leave but little room to doubt the propriety of exercising this equitable jurisdiction.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 20, 1872.

OPINION BY JUDGE PRYOR:

There is neither fraud nor mistake alleged in the execution of the deed executed in July, 1868, by which the lots of ground therein described were conveyed by Davies to the appellant, but on the contrary the answer of the appellant states, "there were many items charged against the defendant in the account between Davies and the defendant to which the defendant objected at the time, and in this account there was an omission to give credit for a great many items to which the defendant was entitled, etc."

The defendant insists in this pleading that the object in executing the deed by Davies was to divest him, Davies, of the title (he holding it in trust for the appellant) in order to prevent any litigation between the appellant and the heirs of Davies at his death in regard to the title, the health of the latter being very much impaired. This was no doubt the object of the conveyance, and whilst assuming this as the reason for the execution of the deed in 1868, it would be inconsistent not only with the statement of the answer of the appellant on this subject, but with all the facts of this case to now adjudge that the parties by the execution of the deed were inviting litigation instead of preventing it. Appellant now insists that the notes executed by him, and for the payment of which a lien was expressly created by the deed, embraced a much larger amount of money

than the appellant really owed, and that the object of the deed was to prevent future trouble.

There is not a single mistake specified in the answer as having been made between Davies and the appellant in the execution of the notes, but a general statement that items were included to which he objected and others omitted to which he was entitled at the time this transaction took place. In other words, when he gave the note he knew it was for more than his indebtedness. Davies had been paying debts and assuming liabilities for the appellant from the year 1860 to the year 1868. Various credits are given to the appellant for moneys paid by him amounting to several hundred dollars. For what these credits were given does not appear, and even if it did, it is now too late upon such a statement of facts as appears in appellant's answer, after the lapse of many years, and the death of the party with whom all these business transactions took place, to litigate these questions with his personal representative. The chancellor is always cautious in making an adjudication by which written evidence of business transactions are materially changed, and will only do so when the evidence is so clear and satisfactory as to leave but little room to doubt the propriety of exercising this equitable jurisdiction. The account afterwards found by the appellant and made the basis of his petition for a new trial would not in our opinion have affected the judgment of the chancellor. There is no equity in appellant's case. The judgment is *affirmed*.

*Gazlan, Yeaman & Keinecke, for appellant.*

*Muir & Byior, for appellee.*